UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


UNITED STATES OF AMERICA,

                    Plaintiff,                    Crim. No. 06-178-HA

                                                    OPINION AND ORDER

      v.

ERIC LAVAN WILLIAMS,

                    Defendant.

---

HAGGERTY, Chief Judge:

      In April 2006, defendant Eric Lavan Williams (defendant) was indicted for felon in possession of a firearm and possession of a firearm with an obliterated serial number. On

Page 1    Opinion and Order

December 20, 2006, defendant filed a Motion to Suppress Physical Evidence and Defendant's Statements [50]. Testimony and oral arguments regarding this motion were heard in court on January 26, 2007. For the following reasons, defendant's motion is denied.

**FACTUAL BACKGROUND**

On February 22, 2006, defendant was stopped by Gresham Police Officer Kyle Lewis for running a red light at 8:50 a.m. In the vehicle with him were co-defendant Frank Van Wagner and Donna Morriss. Defendant's driver's license had been suspended. After running a records check, Officer Lewis discovered all three persons had criminal records, and he requested police assistance. Officer Lewis cited defendant for disobeying a traffic device, driving while suspended and driving uninsured. Officer Lewis then ordered a tow for the vehicle. After patting down defendant, Officer Lewis performed an inventory search of the car, pursuant to Gresham city ordinance and department policy.

Gresham Revised Code §§ 8.35.010(1)(g)(i) and (iv) provide that a vehicle may be impounded when "the vehicle was in the possession of a person who a public safety officer or law enforcement officer has probable cause to believe, at or just prior to the time the public safety officer or law enforcement officer stops the person, has committed . . . driving while suspended or revoked (O.R.S. 811.175 or 811.182), or driving an uninsured vehicle (O.R.S. 806.010). Gresham Revised Code § 2.82.040 governs "Inventories of Impounded Vehicles." Section 2.82.040(2) sets forth the purposes for the inventory of an impounded vehicle, which include: promptly identifying property to establish accountability and avoid spurious claims to property; assisting in the prevention of the theft of property; locating toxic, dangerous,

flammable or explosive substances; or reducing the danger to persons and property. Gresham Revised Code, §§ 2.82.040(2)(a) through (d). Section 2.82.040(3)(b), provides:

> In addition to the passenger and engine compartments described as above, an inventory of personal property and the contents of open containers shall also be conducted in the following locations; (i) any other type of unlocked compartments that are a part of the vehicle including but not limited to, unlocked vehicle trunks and unlocked car-top containers; and (ii) any locked compartments including, but not limited to, locked vehicle trunks, locked hatchbacks and locked car-top containers, if either the keys are available to be released with the vehicle to the third-party towing company or an unlocking mechanism for such compartment is available within the vehicle.

No consent for the search was requested or provided. While searching vehicle's trunk, Officer Lewis saw a green nylon bag, which was lying open. Inside the bag, he saw a firearm and multiple banana-style clips holding what appeared to be .22 caliber rounds. Officer Lewis then ordered defendant and Van Wagner to put their hands behind their backs. Both defendant and Van Wagner were taken into custody. Officer Lewis then advised defendant of his constitutional rights under *Miranda* and transported him to the Gresham Police Department.

Once at the police department, Officer Lewis interviewed defendant, Morriss, and Van Wagner. During this interview, defendant denied any knowledge of the firearm discovered in the trunk, asserting that he had never seen it before and he did not know where it came from. Later that day, Officer Lewis and Gresham Police Detective Robert Peterson conducted a second interview with the defendant at the Gresham Police Department. He was again advised of his rights. During this second interview, defendant admitted knowledge and handling of the firearm

Defendant filed a Motion to Suppress on December 20, 2006 [50].

**STANDARDS**

    1.    **Inventory Search**

The government bears the burden of justifying a warrantless search. *United States v. Johnson*, 936 F.2d 1082, 1084 (9th Cir. 1991). An inventory search exception to the Fourth Amendment's warrant requirement is available if (a) state or local police departments have standardized inventory procedures, and (b) the inventory is carried out in accordance with standardized procedures. *Florida v. Wells*, 495 U.S. 1, 4 (1990); *S. Dakota v. Opperman*, 428 U.S. 364, 372 (1976). An inventory search must not be a ruse for a general investigatory search to discover incriminating evidence. *Wells*, 495 U.S. at 4. The Supreme Court "has consistently sustained police intrusions into automobiles impounded or otherwise in lawful police custody where the process is aimed at securing or protecting the car and its contents." *Id.* (quoting *Opperman*, 428 U.S. at 373). An inventory search is illegal, and any discovered evidence must be suppressed, when the search does not comply with the inventory search procedures. *United States v. Wanless*, 882 F.2d 1459 (9th Cir. 1989); *Colorado v. Bertine*, 479 U.S. 367 (1987).

    2.    **Defendant's Statements**

The Supreme Court set forth in *Miranda v. Arizona*, 384 U.S. 436 (1966), the proper legal standard for analyzing the admissibility of a defendant's statements when the defendant is in police custody and subject to interrogation. Specifically, the government must advise the defendant of the defendant's right to remain silent and the right to the presence of counsel before beginning custodial interrogation. *Id.* at 479. The *Miranda* Court held that the Constitution prohibits the government from using any of the defendant's statements that are the product of a custodial interrogation unless the government demonstrates that it used sufficient procedural

safeguards to secure the defendant's Fifth Amendment privilege against self-incrimination. *Miranda*, 384 U.S. at 444-45.

The defendant may waive these rights, provided that the waiver is voluntary, knowing, and intelligent. *Id.* A valid waiver turns on the totality of the circumstances, including the defendant's background, experience, and conduct. *N. Carolina v. Butler*, 441 U.S. 369, 374-75 (1979). The court's determination of whether defendant voluntarily waived his constitutional rights turns on whether law enforcement officers acted to overbear the defendant's will. *United States v. Okafor*, 285 F.3d 842, 847 (9th Cir. 2002). Coercive police activity is a necessary element that must be found before a confession is ruled involuntary. *Colorado v. Connelly*, 479 U.S. 157, 167 (1986).

There is a presumption against waiver. *United States v. Bernard S.,* 795 F.2d 749, 752 (9th Cir. 1986). To overcome this presumption, the government bears the burden of proving by a preponderance of the evidence that a defendant knowingly and intelligently waived *Miranda* rights. *Connelly*, 479 U.S. at 168-69; *see also Morgan v. Burbine*, 475 U.S. 412, 421 (1986) ("[T]he relinquishment of the [constitutional] right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion or deception . . . ."). The government does not need to prove that the defendant knew and understood every conceivable consequence of waiving those rights, but the government must show that the defendant was fully aware of both the nature of the rights being forfeited and the consequences of the decision to forfeit them. *Colorado v. Spring*, 479 U.S. 564, 574 (1987).

Page 5    Opinion and Order

## ANALYSIS

### 1. Inventory Search

Defendant argues that the inventory search performed by Officer Lewis violated the Fourth Amendment. He contends that the Gresham regulations are unreasonable, the inventory ordinance is overbroad, and the search of defendant's locked trunk is unconstitutional. The court disagrees.

In *United States v. Penn*, 233 F.3d 1111 (9th Cir. 2000), the Ninth Circuit held that a City of Portland policy prescribing that all personal property in an impounded vehicle be inventoried was not unreasonable and did not violate the Fourth Amendment. The *Penn* court set forth the standards identified by the Supreme Court for permissible inventory searches. The court noted that "[i]n *Opperman*, the Court explained that '[w]hen vehicles are impounded, local police departments generally follow a routine practice of securing and inventorying the automobiles' contents. These procedures developed in response to three distinct needs: the protection of the owner's property while it remains in police custody; the protection of the police against claims or disputes over lost or stolen property; and the protection of the police from potential danger.'" 233 F.3d at 1114 (quoting *Opperman*, 428 U.S. at 369).

In *Bertine*, the Court held that the Fourth Amendment does not prohibit the government from using evidence discovered during an inventory search. 479 U.S. at 369. Specifically with respect to closed containers, the Court noted that its decisions adhere to the requirement that inventories be conducted according to standardized criteria. *Id.* at 374 n. 6. The Court stated that before inventorying a container it was not necessary to require police to weigh the strength of the individual's privacy interest against the possibility that the container might serve as a

repository for dangerous or valuable items. *Id.* at 374-75. It declined to invalidate regulations that gave police officers discretion to choose between impounding and parking and locking a vehicle "so long as that discretion is exercised according to standard criteria on the basis of something other than suspicion of evidence of criminal activity." *Id.* at 375.

  Here, the Gresham inventory ordinances at issue are virtually identical to the Portland ordinances reviewed by the *Penn* court. The Portland policies prescribed, in part, that "all personal property in an impounded vehicle be inventoried." The *Penn* court found that the Portland policies vested no discretion in the impounding officer, complied with the standards set forth by the Supreme Court, were not unreasonable, and therefore did not offend the Constitution. *Id.* at 1115-16. Similarly, the Gresham policies are mandatory: officers must conduct an inventory search when a car is impounded. Under *Penn*, the Gresham inventory search policies are not unreasonable.

  *Penn*, however, does not specifically address whether an inventory search procedure can include a mandatory search of a locked trunk. Gresham ordinances require that the officer must search the trunk if the automobile's' keys are turned over to the third-party towing company, or if the trunk can be unlocked by the inside of the car. This is consistent with the Supreme Court's guidance that standardized inventory search procedures are upheld when they protect the owner's property while it remains in police custody and also protect the police against claims over lost or stolen property. Further, by requiring officers to complete an inventory search of trunks when the trunk will be accessible to the third-party towing company, Gresham's policy removes any discretion on the part of the officers and provides the standardized procedures favored by the

Page 7 Opinion and Order

Supreme Court. Here, Officer Lewis testified that he turned over the keys with the vehicle to the towing company.

Accordingly, the court denies defendant's motion to suppress the physical evidence discovered pursuant to the inventory search.

### 2. Defendant's Statements

Defendant argues that statements made to police should be excluded for two reasons. First, defendant asserts that the statements were the product of an unlawful search. This argument fails because the search of the vehicle was lawful.

Second, defendant asserts that his statements were made involuntarily and were the product of impermissible coercion. Defendant, however, fails to assert any facts or circumstances which would amount to unlawful coercion, rendering defendant's statements involuntary. Defendant argues that the officers alluded to the defendant's girlfriend when interviewing him, subtlety suggesting that she would be the focus of their criminal investigation regarding possession of the unlawful firearm. However, the interview transcript includes no evidence that the police "acted to overbear the defendant's will." *See United States v. Okafor*, 285 F.3d 842, 847 (9th Cir. 2002).

Defendant has failed to provide sufficient evidence that his will was overborne, or that his confession and waiver were anything but the product of a voluntary, knowing, and intelligent decision. Accordingly, the court denies defendant's motion to suppress his statements.

## CONCLUSION

Based on the foregoing, the court concludes the inventory search was conducted pursuant to standardized procedures and were administered in good faith. The court further concludes

that there is no evidence of police coercion or that defendant did not understand and acknowledge his rights. Accordingly, defendant's Motion to Suppress Physical Evidence and Defendant's Statements [50] is denied.

    IT IS SO ORDERED

    DATED this __15__ day of February, 2007.

                                               /s/ ANCER L. HAGGERTY
                                                 ANCER L. HAGGERTY
                                        United States District Judge