IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 06-178-1-JO |
| | ) | (Civil No. 07-70009-JO) |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| ERIC LAVAN WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

Thomas H. Edmonds
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204

  Of Attorneys for United States of America

Eric Lavan Williams
Multnomah County Inverness Jail
11540 N.E. Inverness Drive
Portland, OR  97220

  Defendant-Petitioner

Mark R. Bailey
294 Warner Milne Road
Oregon City, OR  97045

  Attorney for Defendant (No. CR 06-178-1-JO)

JONES, Judge:

Petitioner Eric Lavan Williams is proceeding *pro se* with this petition, titled "Title 28 U.S.C. 2255, Petition For Writ of Habeas Corpus - Pre Trial Release," (# 81), in which he seeks immediate release from state and federal custody prior to trial.[1]  Williams did not move to appoint counsel in connection with his § 2255 petition; therefore, although the court has appointed counsel with respect to Williams's underlying criminal case, counsel has not been appointed with respect to this petition.  Because this petition is premature, as discussed below, petitioner's § 2255 motion is denied, and this habeas corpus action is dismissed.

## PROCEDURAL HISTORY

On February 14, 2007, petitioner was indicted by a federal grand jury for the offenses of felon in possession of a firearm (Count 1) and possession of a firearm that had an obliterated serial number, was unlawfully modified, and was not registered to him (Count 2).  (*See* # 1.)  I take judicial notice of the fact that according to the general docket for the United States District Court for the District of Oregon, a court record that is readily available to the public online, petitioner's trial on these charges is set for May 8, 2007.  *See* Fed. R. Evid. 201; *see also* Jones, Rosen, Wegner & Jones, RUTTER GROUP PRACTICE GUIDE:  FEDERAL CIVIL TRIALS & EVIDENCE (The Rutter Group 2006) ¶¶ 8:875 - 8:893 (discussing judicial notice of court records).  Petitioner filed the instant petition on February 23, 2007, claiming that he is being unlawfully detained prior to trial, and deprived of his Fourteenth Amendment right to due process.  (Petition (# 81) at 1.)

---

[1]At the time he filed the petition, Williams was incarcerated at the Multnomah County Inverness Jail, located in Portland, Oregon.  He is currently facing state and federal criminal charges related to the unlawful possession of a firearm.

2 - OPINION AND ORDER

## DISCUSSION

The remedy available pursuant to 28 U.S.C. § 2255 is to vacate, set aside, or correct a federal sentence. Federal prisoners are typically required to file a motion for habeas corpus relief within one year from "the date on which the judgment of conviction becomes final." Id. For the purposes of a § 2255 motion, a judgment of conviction is not final until both the conviction and the sentence are final. United States v. LaFromboise, 427 F.3d 680, 684 (9th Cir. 2005). Because petitioner's trial has not yet occurred, he has neither been convicted of any criminal offense, nor sentenced; therefore, his § 2255 motion is premature. Because it "plainly appears from the motion . . . that the moving party is not entitled to relief," petitioner's § 2255 motion must be dismissed prior to service on the United States Attorney. *See* 28 U.S.C. foll. § 2255, Rule 4(b).

Accordingly, petitioner's § 2255 motion is denied, and this habeas corpus action is dismissed without prejudice to refiling in the event that petitioner is convicted and sentenced for the charges he now faces.

## CONCLUSION

Based on the foregoing, petitioner's motion for immediate release pursuant 28 U.S.C. § 2255 (# 81) is DENIED, and this habeas corpus proceeding is DISMISSED WITHOUT PREJUDICE.

DATED this 10th day of April, 2007.

    /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge