IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ERIC LAVAN WILLIAMS ) <br> ) <br> ) <br> Defendant. ) | CASE NOS. 3:06-cr-00178-JO <br> 3:16-cv-01422-JO <br><br> OPINION AND ORDER |

JONES, Judge:

This matter comes before the Court on Defendant's Motion to Vacate or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF # 151) Because I sentenced Defendant pursuant to the "force clause" of the Armed Career Criminal Act and not the "residual clause," I DISMISS Defendant's Motion.

**PROCEDURAL BACKGROUND**

In February of 2007, a federal grand jury charged defendant Eric Lavan Williams (Williams) with two gun-related counts: (1) felon in possession of a firearm and (2) unlawful possession of an unregistered short barreled rifle. (ECF #70) Thereafter, the government filed a notice of sentencing enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). (ECF #69) A jury convicted Williams of both counts and I sentenced him to a prison

term of 288 months on Count 1 and a concurrent prison term of 120 months on Count 2. (ECF #121) At the October 15, 2007 sentencing hearing, I found that Williams qualified for sentencing enhancements under the ACCA and the Career Offender provision of the sentencing guidelines, U.S.S.G. §§ 4B1.1 and 4B1.2 (2005). (ECF #120-121) Williams filed a direct appeal to the Ninth Circuit, raising the Career Offender sentence as a basis for the appeal. The Ninth Circuit denied his appeal in an unpublished memorandum. *United States v. Williams*, 297 F. App'x 599 (9th Cir. 2008) *cert. denied* 556 U.S. 1258 (2009). Next, Williams filed a *pro se* motion under 28 U.S.C. § 2255 to vacate or correct his sentence. (ECF #135) I denied that motion and the Ninth Circuit dismissed his appeal and denied a certificate of appealability. (ECF #147)

In 2015, the U.S. Supreme Court issued a ruling holding that the ACCA's residual clause is void for vagueness, *Johnson v. United States*, 135 S. Ct. 2551 (2015) (*Johnson II*). The following year, the Court deemed its *Johnson II* ruling retroactive in *Welch v. United States*, 236 S. Ct. 1257 (2016). Thereafter, Williams sought leave from the Ninth Circuit to file a second § 2255 motion to challenge the lawfulness of his sentence. The Ninth Circuit granted Williams's application resulting in Williams filing this motion. In his motion, Williams contends that, after *Johnson II* and *Welch*, he no longer qualifies for the ACCA's sentencing enhancement and should be resentenced. He also claims that his sentence should be vacated because he was erroneously sentenced as a Career Offender under the sentencing guidelines.

## DISCUSSION

The ACCA makes it unlawful for anyone who has previously been convicted of "a crime punishable for a term exceeding one year" to possess or receive any firearm or

ammunition, "which has been shipped or transported in interstate or foreign commerce." 18 U.S.C § 922(g). A person who violates § 922(g) and has three qualifying prior convictions for a violent felony or serious drug offense is subject to imprisonment of not less than 15 years, regardless of the statutory maximum for the offense. § 924(e)(1). Under the statute, a violent felony is one that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or,
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

§ 924(e)(2)(B). In *Johnson II*, the Supreme Court held that the last portion of § 924(e)(2)(ii), "conduct that presents a serious potential risk of physical injury to another," commonly referred to as the residual clause, is unconstitutionally vague. *Johnson II*, 135 S. Ct. at 2257. Thus, in order for a person to be subject to a sentencing enhancement under § 924(e) based on a prior violent felony conviction, an element of the felony must include either the use, attempted use or threatened use of physical force ("force clause") or must be one of those enumerated in § 924(e)(2)(ii) ("enumerated list").

At sentencing on Count 1, the government offered evidence of Williams's prior three convictions as follows:

1. On or about December 17, 1998, in Multnomah County Circuit Court, State of Oregon, case number C98-10-38510, for Delivery of a Controlled Substance, Schedule II, for Consideration;

2. On or about November, 20, 1987, in the Circuit Court of the Fifth Judicial Circuit, Vermilion County, State of Illinois, case number 87 CF 24, for Armed Violence; Attempted Armed Robbery; Aggravated Battery; and

3. On or about February 24, 1987, in the Superior Court of the State of Washington in and for the County of Clark, case number 86-1-00286-3, Assault in the Second Degree, two counts.

Williams argues that his 1987 Washington conviction for Assault no longer qualifies as a violent felony and without three predicate convictions, the ACCA sentencing enhancement does not apply. The government responds that Williams was sentenced pursuant to the force clause of the ACCA and not the now unconstitutional residual clause, and that because the sentencing did not rely on the residual clause, Williams's motion must be dismissed.

In order to file a second or successive habeas petition, § 2244(b)(3)(A) requires Williams to request permission from a court of appeals. Here, the Ninth Circuit granted Williams's application to file a second petition. However, in allowing Williams's application, the Ninth Circuit only determined that Williams had made a *prima facie* showing that he satisfied the requirements of § 2244, 28 U.S.C. § 2244(b)(3)(C), leaving to the district court to determine if the claim presented actually satisfies the requirements of § 2244. *United States v. Villa-Gonzalez*, 208 F. 3d 1160, 1164 (9th Cir. 2000). If not, 28 U.S.C. § 2244(b)(4) requires the district court to dismiss the claim:

> A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

This also applies in § 2255 proceedings. *Villa-Gonzalez*, 208 F. 3d at 1164.

Here, in order for this court to address the merits of Williams's second habeas petition, Williams must show that his claim is based on: "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously

unavailable..." 28 U.S.C. § 2244(b)(2); 28 U.S.C. § 2255 (h)(2). So before deciding whether Williams's Assault conviction qualifies as a violent felony pursuant to the ACCA, I must first determine if the holdings in *Johnson II* and *Welch* provide a new rule of constitutional law made retroactive. The parties do not dispute that the holdings in Johnson II and Welch provide a new rule of constitutional law made retroactive. The next step is to see if Williams was sentenced under the portion of the ACCA that has been declared unconstitutionally vague. Here, the parties disagree as to whether Williams was sentenced pursuant to the force clause of the unconstitutional residual clause.

At Williams's sentencing hearing, the government submitted a sentencing memorandum discussing Williams's three predicate offenses that formed the basis of the government's request for the sentencing enhancements under the ACCA. As to Williams's Oregon conviction for Delivery of a Controlled Substance, the government contended that the conviction was for a "serious drug offense." Regarding the Illinois convictions for Armed Violence, Attempted Armed Robbery and Aggravated Battery, the government stated that the parties agreed that those crimes were all "violent felonies" under the ACCA. (ECF #114, p.6). The government concluded its discussion by specifically referencing the "force clause" of the ACCA: "[The convictions] are clearly felony crimes, involving elements of <u>the use of or attempted use of physical force</u>, all of which were sentenced to terms of imprisonment exceeding a year." (ECF #114, p.8 emphasis supplied). Concerning Williams's Washington convictions for Assault in the Second Degree, the government again referenced the "force clause": "Furthermore, Assault in the Second Degree, in the context of the convictions, meets the definition of 'violent felony' under 18 U.S.C. § 924(e), as the crime clearly involves the <u>use of physical force</u>." (ECF #114, p.8, emphasis supplied).

5 Opinion and Order

Williams contends the record is ambiguous and that I "may have" relied on the unconstitutional residual clause when I sentenced him. See *United States v. Geozos*, No. 17-35018, 2017 WL 3712155 at *4 (9th Cir. Aug. 29, 2017). I disagree. The record unambiguously shows that when I sentenced Williams pursuant to the ACCA, I relied on the "force clause" and not on the now unconstitutional residual clause. The transcript of the sentencing hearing provides the proof. Near the end of the sentencing colloquy, I concluded that "[u]nder the armed career criminal provision, [the predicate offenses] have been adequately explained by the prosecutor, and I adopt his explanation. You are an armed career criminal, pursuant to the guidelines, on the basis of three convictions." (ECF #165 Ex. 1 at 18, emphasis added) Williams contends that these comments refer only a previous discussion of his Illinois conviction, but the record clearly shows that I had finished the discussion of the Illinois conviction by finding it to be a valid conviction and had moved on to the final determination of whether Williams qualified as an armed career criminal.

Because I relied on the "force clause" and not the "residual clause" of the ACCA in sentencing Williams, he fails to meet his burden to show that his claim is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Williams's petition does not qualify under the other exception to prohibition against second or successive habeas petitions found in 28 U.S.C. § 2255(h).[1] For that reason, I must dismiss his petition.

---

[1] **(h)** A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

**(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense.

Williams also argues that his prior conviction in Oregon for delivery of a controlled substance does not qualify as a "serious drug offense" under the ACCA. He also maintains that he was improperly deemed a "career offender" under the sentencing guidelines, U.S.S.G. § 4B1.1. I do not consider these issues on their merits. Because the holding in *Johnson II* dealt solely with residual clause included in the definition of a "violent felony" and did not find any constitutional infirmity in the "serious drug offense" clause of the ACCA, Williams's challenge to his Oregon drug offense does not fall within one of the exceptions allowing a second or successive habeas corpus petition. Regarding his "career offender" contention, Williams previously raised that issue in his direct appeal before the Ninth Circuit. (ECF #160-1). A prisoner's § 2255 motion may be dismissed if it raises claims that were previously decided on direct appeal. *United States v. Jingles*, 702 F.3d 494, 498 (9th Cir. 2012).

## CONCLUSION

When I sentenced Williams pursuant to the ACCA, I did not rely on the unconstitutional residual clause. The record unambiguously shows that I relied on the "force clause." Williams's claims regarding his delivery of a controlled substance are time barred and his claims regarding his career offender sentencing was previously raised and decided on direct appeal. Pursuant to 28 U.S.C. § 2244(b)(4), I dismiss Williams's second petition for habeas corpus.

IT IS SO ORDERED.

DATED this 18th day of December, 2017.

Robert E. Jones, Senior District Court Judge